IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENE THOMAS LAWS,**           CASE NO. 2:05-cv-607

    **Petitioner,**

v.                              **JUDGE MARBLEY**
                                **MAGISTRATE JUDGE ABEL**

**JAMES ERWIN, Warden,**

    **Respondent.**

## OPINION AND ORDER

On July 5, 2005, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases recommending that this action be dismissed as time-barred under 28 U.S.C. §2244(d). Doc. No. 2. This matter is before the Court on petitioner's September 6, 2005, objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 7. For the reasons that follow, petitioner's objections are **OVERRULED**.

Petitioner objects to all of the Magistrate Judge's conclusions. Petitioner again raises all of the same arguments that were previously presented. In addition, petitioner contends that equitable tolling of the statute of limitations is appropriate based upon the alleged misrepresentations of his attorney. Petitioner now argues that he was unable to discover the factual predicate for his claim until October 30, 2001, when he obtained interrogatories from defense counsel, or until November 18, 2002, when he obtained an affidavit from attorney Clyde H. Collins.[1] *Objections.* Additionally, petitioner argues that the state appellate court's December 2, 2004, decision denying his petition for

---

[1] Collins states in his affidavit that it is his opinion that petitioner was denied the effective assistance of counsel. *Exhibit V2, Appendix 3 to Objections*.

post conviction relief (*see State v. Laws*, 2004 WL 27257841 (Ohio Tenth Dist. Ct. App. December 2, 2004)), constituted a decision on the merits of his claims rather than a dismissal based upon petitioner's failure to satisfy the provisions for filing a delayed appeal under O.R.C. §2953.23. Petitioner also argues at length that he exercised due diligence in pursuing his claims in view of his incarcerated *pro se* status, the voluminous records, and the representations or misrepresentations of trial counsel. *See Objections.* This Court is unpersuaded by petitioner's arguments.

"[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the

>respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

The record in this case fails to indicate that equitable tolling is appropriate. Nothing indicates that petitioner lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor would petitioner have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases during the time period at issue. Lack of actual notice or "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Further, contrary to petitioner's assertions here, the record fails to reflect that petitioner exercised due diligence in pursuing his claims. Nothing in the record supports petitioner's allegation that trial counsel prevented petitioner from discovering the factual basis for his claims or from pursuing his claims for the time period at issue. Additionally, respondent certainly will suffer some prejudice, if only in terms of time and expense, were this Court to equitably toll the statute of limitations.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons, and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This case is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

**IT IS SO ORDERED.**

          s/Algenon L. Marbley
          ALGENON L. MARBLEY
          United States District Judge